(Hamilton County Common Pleas Court.)

## STATE v. WEHR.

*What constitutes corpus delicti—The erroneous holding in 5th Circuit Court Reports—*

Charged with murder in the first degree.

PFLEGER, J.

The defendant moved the court to direct the jury to return a verdict of not guilty by reason of the fact that the state failed to prove, irrespective of the confessions, the corpus delicti, offering as his main authority, State

v. Luth, 5 C. C., 105, in which the court say that the corpus delicti consists of two elements: first, the criminal act; second the defendant's agency in the production of such act.

The authorities outside of Ohio sustain defendant's contention that the corpus delicti must be shown by evidence extrinsic of confessions. If, then, the definition laid down by this circuit is correct, it practically precludes the state from establishing convictions in many cases where circumstantial evidence only can be produced. The main and sole object of confessions is to connect the accused with the offense charged. The rule adopted that such confessions can only be offered or are relevant only when the corpus delicti is shown by other evidence, is based upon the danger incident to convictions of persons charged with crime, when no crime was in fact committed. Persons have been convicted and executed for murder upon mere confessions when their alleged victims reappeared in life. To avoid such results, the doctrine that proof of the body of the offense by testimony other than confessions became necessary.

If, then, the learned Judge in the 5 C. C. was correct in defining the term corpus delicti to include the defendant's agency, the state would fail in many cases and criminals go unpunished. To ascertain the foundation for this strange ruling I searched for its basis. Reference is made to Wharton's Criminal Evidence, section 325. The marginal note covers the exact language. The text does not. The text recites that corpus delicti "consists of a criminal act; and to sustain a conviction there must be proof of the defendant's guilty agency in the production of such act." The latter clause, however, refers not to the definition, but to other proof of guilt. I took the labor to examine all the authorities to which the text refers and none sustains it. As did the Judge in the 5th C. C. so the cases in 14th 27th and 28th Texas and 78 Missouri have followed the marginal note in Wharton. The Texas cases, however, were practically overruled by the case of Jackson v. State, 29 Tex. App., 458. The language used in the 5th C. C. also refers to sections 632 and 633 of Wharton. So does the case in 78 Missouri, but indicates that it is taken from the 8th Edition of Wharton. The 9th Edition contains no such language.

I believe that the erroneous definition, for such it is, was by some error confused with the proper definition of corpus delicti, cited in a number of cases of homicide, and to consist of namely: "1st, The fact of the death of the deceased; 2d, The fact of the existence of criminal agency as the cause of death," not the defendant's criminal agency. Pitts v. State, 43 Miss., 480; People v. Bennett, 49 N. Y., 137; Greenleaf on Evidence, sec. 30; People v. Palmer, 109 N. Y., 113; People v. Taylor, 115 Cal., 57; Campbell v. People, 159 H., 19; State v. Martin, 47 S. Car., 67; Bouvier and Rapalje's Law Dictionaries. It is apparent, therefore, that the circuit court has thus been led into an erroneous definition which I can not and shall not adopt.

I also believe that the rule that the corpus delicti must be shown by testimony extrinsic of a confession is not the law of Ohio. The Supreme Court in Blackburn v. State, 23 Ohio St., 146, say that "Extra judicial confessions alone are not sufficient to prove the body of the crime, but they may be taken and used for that purpose in connection with the other evidence in the case."

Lastly, I think that there were certain probative facts shown outside of the written and oral confessions, namely, that defendant and family lived at the house in question at the time of the commission of the offense; that it was his hammer, kept in a tool box in that room, which was used in the commission of the crime, and that it was found wet with blood and brains, all of which tended in some degree to connect the defendant with the crime.

The motion will therefore be overruled.

Ex-Judge Dan Thew Wright for defense. Raymond Ratliff and Victor Schaefer for State.